IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTATE OF FEDERICO ORTEGA, JR.,
by ADELAIDA ROMERO, Personal Representative,

    Plaintiff-Appellant,

v.                                                            Civ. No. 02-1571 RLP/LFG

FEDERAL EMERGENCY MANAGEMENT
CLAIMS AGENCY, OFFICE OF CERRO
GRANDE FIRE CLAIMS,

    Defendant-Appellee.

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the final administrative decision of the Office of Cerro Grande Fire Claims in Los Alamos, New Mexico. Following the Cerro Grande Fire in May, 2000, Congress enacted the "Cerro Grande Fire Assistance Act," P.L. 106-246 (the "Act"). Appellant's father died approximately seven months after the fire and she filed a claim pursuant to the Act. The claim was rejected and she timely filed her appeal in this court pursuant to § 104(i)(1) of the Act. She asserts that the Director's findings were arbitrary and capricious and not supported by substantial evidence, as required by § 104(j)(3).

Appellant's father suffered from, among other things, chronic obstructive pulmonary disease ("COPD" or emphysema), and he had that condition since 1993. <u>Administrative Record</u> at 298 ("history of emphysema for seven years"). He was hospitalized shortly after the fire started and died in January, 2001. Appellant contended that her father's condition was exacerbated by the smoke from the fire, leading to his death.

Appellant's claim was investigated by Keenan & Associates, Inc., which issued a report to the Office of Cerro Grande Fire Claims on September 4, 2001. *See*

Administrative Record at 108.  The report identifies some passages in the decedent's medical records and concludes that "[n]o medical provider ever mentions any exacerbation of the COPD due to the fire."  *Id*.  The Director's Final Administrative Decision, *id.* at 004, found that the Appellant failed to come forward with evidence that, to a reasonable degree of medical probability, her father's death was caused by the Cerro Grande Fire.  *Id.* at 009.

Appellant argues before this court that the Director's standard was more restrictive than the Act intended, citing 44 C.F.R. § 295.30 as providing a more liberal basis for evaluating claims.  That section concerns the documentation that is required to submit a claim.  Appellant also refers to an article about weaknesses in the claims process.

The court has reviewed the Administrative Record, the submissions of the parties, and the Act.  The court agrees with the findings of the Director, that no where in the medical records is the fire and attendant smoke and air pollution referred to as a factor in the decedent's illness and ultimate death.  On June 17, 2002, the decedent's physician wrote a note "To whom it may concern," possibly at Appellant's request, which stated:

> I delivered primary care to Fred Ortega from 3/98 to 12/00.  Mr. Ortega suffered from COPD and bronchiectasis to the left lower lob of the lung.  Because of his lung condition he had recurrent bouts of pneumonia throughout the coarse [*sic*] of his care. He was frequently hospitalized.  A review of his medical records indicates a significant decline in functional status dated 5/19/00.  Mr. Ortega's pulmonary condition continued to deteriorate throughout the year of 2000 with repeat hospitalizations. . . .

Administrative Record at 032.

This notation does not draw a correlation between the Cerro Grande Fire and the decedent's medical condition.  Indeed, on May 16, 2000, the Radiology Report states that

"Compared to May 13, chronic obstructive pulmonary disease is evident in both lungs. *Compared to June 7, 1999 there has been no change.*" Administrative Record at 293 (emphasis added). The Discharge Summary states:

> Chest x-ray on admission showed interstitial scarring at the bases more noticed at the left with a new rounded left patchy density. Follow up chest x-ray on the 13th showed no change, *but x-ray done on the 15th showed the patch to have cleared*.

*Id*. at 299 (emphasis added).

On July 6, 2000, the decedent's primary care physician noted that "[e]xamination shows him to look quite well, in fact, the best I've seen him." *Id*. at 328. The physician further noted that the decedent's pulmonary function had been dropping for the past year. *Id*. at 329.

The foregoing indicates that the decedent's preexisting condition continued its downward course and the Cerro Grande Fire was not a factor in the deterioration of his condition. The Director's decision was supported by substantial evidence and is affirmed.

IT IS THEREFORE ORDERED that Appellant's Motion [Doc. 15] is denied and this appeal is dismissed.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

3